### EX PARTE PAULINO MARTINEZ.

No. 2840. Decided June 24, 1904.

**Habeas Corpus—Dismissal—Appeal.**

The order of the court sustaining a motion to dismiss an application for habeas corpus is equivalent to a refusal by the lower court to grant the writ in the first instance, and an appeal from said order does not lie.

Appeal from an order of the District Judge of Webb dismissing an application for writ of habeas corpus and remanding relator to jail. Tried below before Hon. A. L. McLane.

The opinion states the case.

*A. Winslow,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Relator was arrested under a charge for publishing and continuing to publish, sell and circulate a libel against Josie Maria Melo, and was required by the county judge to enter into a bond not to continue to sell, publish and circulate said libel, and in default of bond was placed in jail. He resorted to the writ of habeas corpus before Judge McLane, alleging the illegality of the restraint. State's attorney moved to dismiss the cause, (1) because it is apparent from the publication and attached exhibits that the restraint was by virtue of a commitment issued by competent authority and from a magistrate having jurisdiction to hear and determine the application for peace bond; (2) that the application affirmatively shows that said restraint is legal. The court sustained the motion to dismiss the writ, refused to hear evidence under it, and adjudicate the issues; and remanded applicant to the custody of the sheriff. Notice of appeal was given and this appeal prosecuted. Motion is made here by the State to dismiss this appeal. The motion to dis-

miss in lower court under these circumstances has been held to be equivalent to a refusal by the court to grant the writ in the first instance. From a refusal to grant the writ an appeal could not be prosecuted to this court; the remedy would be by an original application to some other judge. Ex parte Blankenship, 57 S. W. Rep., 646, and authorities there cited. Ex parte Blankenship is in point and requires a dismissal of this appeal. We said in that case that we might content ourselves simply with dismissing the appeal, but took occasion to observe that it was the duty of the judge granting the writ not only to grant the same, but to try the case. We believe the writ should have been entertained and not dismissed, and a careful inquiry made into the cause of detention. The questions arising under the articles of the Code of Criminal Procedure under which the case before the examining court was instituted presents some serious questions which called for a trial of the case. We do not purpose here to enter into a discussion of them, as this court has not obtained jurisdiction to try and dispose of said issues. For the reasons indicated the appeal herein is dismissed.

*Dismissed.*